*NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LUIS TORRAS ECHEVERRIA, : | |
| : | Civ. No. 13-1852 (FLW) (TJB) |
| Plaintiff, : | |
| : | |
| v. : | **OPINION** |
| : | |
| MAURO CORVASCE, et al., : | |
| : | |
| Defendants. : | |

**FREDA L. WOLFSON, U.S.D.J.**

Plaintiff is a former state prisoner whose sentence has been completed. He brings this action under 42 U.S.C. § 1983 against two police officers for allegedly fabricating evidence used at trial. The Clerk will not file a civil complaint unless the person seeking relief pays the entire applicable filing fee in advance or the person applies for and is granted *in forma pauperis* status pursuant to 28 U.S.C. § 1915. See Local Civil R. 5.1(f). The filing fee for a civil complaint is $350.00.[1] In this case, while the Clerk has received the complaint, the complaint has not been filed as plaintiff has neither submitted a complete *in forma pauperis* application nor paid the applicable filing fee.

A plaintiff bringing a civil action *in forma pauperis* must submit an affidavit, including a statement of all assets, which states that the plaintiff is unable to pay the applicable filing fee. *See* 28 U.S.C. § 1915(a)(1). Where a plaintiff is proceeding *in forma pauperis*, the Court must

---

[1] On May 1, 2013, the filing fee increased to $350.00 plus a $50.00 administrative fee. However, as plaintiff filed his complaint prior to May 1, 2013, his filing fee remains $350.00. Furthermore, the new administrative fee does not apply to a plaintiff who is proceeding *in forma pauperis*.

1

dismiss the case if it finds that the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(g).

Plaintiff submitted his own application to proceed *in forma pauperis* not on a form designated by the court. (*See* Dkt. No. 1-1.) However, his application omits much of the information that is required to be listed on the proper form to decide whether *in forma pauperis* status is appropriate. For example, it does not list his or his spouse's (if any), average monthly income during the past twelve months, nor does it list plaintiff's employment history or itemize plaintiff's monthly expenses. Therefore, the application to proceed *in forma pauperis* will be denied without prejudice. The Clerk will be ordered to administratively close this case, but plaintiff will be permitted to submit a complete *in forma pauperis* application.

In addition, the court questions whether plaintiff's claim will ultimately be barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). In *Heck*, the Supreme Court stated:

> that in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas cases, 28 U.S.C. § 2253. A claim for damages bearing that relationship to a conviction or sentence that to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

"[T]he central inquiry [under *Heck*] is whether the claims asserted by plaintiff would 'necessarily imply the invalidity of [his] conviction.'" *Leibner v. Borough of Red Bank Police Dep't*, Civ. No. 12-4104, 2013 WL 1065927, at *5 (D.N.J. Mar. 12, 2013) (quoting *Wallace v. Kato*, 549 U.S. 384, 398 (2007) (Stevens, J., concurring) (quoting *Heck*, 512 U.S. at 486-87)); *Wade v.*

*Colaner*, Civ. No. 06-3715, 2009 WL 776985, at *8 (D.N.J. Mar. 20, 2009).  In this case, plaintiff admits that the state court found him guilty of the crimes at trial wherein the alleged fabricated evidence was used.  (*See* Dkt. No. 1 at p. 7.) Thus, plaintiff may have to overcome the *Heck* bar to be entitled to relief in this action if, or when, the complaint is filed.

    An appropriate order will be entered.


DATED:  August 13, 2013                                    /s/ Freda L. Wolfson
                                                                  FREDA L. WOLFSON
                                                                  United States District Judge