<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| LUIS TORRES ECHEVERRIA, | Civil Action No. 13-1852 (FLW) |
| Plaintiff, | |
| v. | **OPINION** |
| MAURO CORVASCE, et al., | |
| Defendants. | |

**APPEARANCES**:

LUIS TORRES ECHEVERRIA
45 River Drive, #417
Passaic, NJ 07055
Plaintiff *Pro Se*

<u>**WOLFSON, District Judge**</u>:

Luis Echeverria seeks to file a Complaint asserting claims under 42 U.S.C. § 1983 without prepayment of the filing fee.  This Court will grant Plaintiff's application to proceed *in forma pauperis.*[1]  For the reasons expressed in this Opinion, and as required by 28 U.S.C. § 1915(e)(2)(B), this Court will dismiss the Complaint.

## I.   BACKGROUND

Luis Echeverria brings this Complaint for violation of his constitutional rights under 42 U.S.C. § 1983 against Police Officers Mauro Corvasce and Eugene Tacher.  He asserts that he

---

[1] On August 13, 2013, this Court denied without prejudice Plaintiff's application to proceed *in forma pauperis* because he did not include adequate information concerning his income and expenses.  Plaintiff thereafter submitted an amended application.

was indicted under Indictment Number 95-03-0401 for unspecified crimes in the Superior Court of New Jersey, Monmouth County, he was found guilty, and he completed serving his sentence.  He alleges that the named police officers violated his constitutional rights by planting evidence used against him in the criminal case, committing perjury, and fraudulently obtaining his conviction. He seeks damages for violation of his constitutional rights.  (Complaint, ECF No. 1.)

## II.  STANDARD OF REVIEW

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a person is proceeding *in forma pauperis, see* 28 U.S.C. § 1915(e)(2)(B), or a prisoner seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b).  The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *Id.*  This action is subject to *sua sponte* screening for dismissal under these statutes because Plaintiff is proceeding *in forma pauperis.*

"[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  To survive *sua sponte* screening for failure to state a claim[2], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).  "A claim has facial

---

[2] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)."  *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)).

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678).   Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

### III.   DISCUSSION

A.   Federal Jurisdiction

Federal courts are courts of limited jurisdiction.   *See Mansfield, C. & L. M. Ry. Co. v. Swan*, 111 U.S. 379, 383 (1884).   "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986).   Section 1983 of Title 42 of the United States Code provides a cause of action for violation of constitutional rights by a person acting under color of state law.[3]   To recover under § 1983, a plaintiff must show two elements:   (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law.   *See West v. Atkins*, 487 U.S. 42, 48 (1988).   Liberally construing

---

[3] The statute provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

Plaintiff's allegations, the Court reads the Complaint as attempting to state claim for perjury, fabrication of evidence contrary to due process, and unconstitutional malicious prosecution in violation of the Fourth Amendment.

To the extent that Plaintiff seeks to assert an independent § 1983 claim based on Defendants' perjured testimony, this Court will dismiss the claim because a witness who testifies (falsely) has absolute immunity from any § 1983 claim based on the witness's testimony.  *See Rehberg v. Paulk*, 132 S.Ct. 1497, 1506 (2012); *Briscoe v. LaHu*e, 460 U.S. 325, 332-33 (1983).

Plaintiff further claims that Defendants planted fabricated evidence to obtain his conviction.  This raises two potential claims under § 1983 claims, *i.e.,* fabrication of evidence to obtain Plaintiff's conviction in violation of due process and malicious prosecution in violation of the Fourth Amendment.  *See Halsey v. Pfeiffer,* ____ F.3d ____, 2014 WL 1622769 (3d Cir. Apr. 24, 2014).  In *Halsey v. Pfeiffer,* the Third Circuit held that "if a defendant has been convicted at a trial at which the prosecution has used fabricated evidence, the defendant has a stand-alone claim under section 1983 based on the Fourteenth Amendment if there is a reasonable likelihood that, without the use of that evidence, the defendant would not have been convicted."  *Halsey,* 2014 WL 1622769 at *15.  A "reasonable likelihood" means that "plaintiffs bringing fabrication claims must draw a meaningful connection between their conviction and the use of fabricated evidence against them."  *Id.* at n.19.  However, the Supreme Court held in *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994), that an action under § 1983 seeking "damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable under § 1983 unless "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a

4

state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  *See also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005); *Muhammad v. Close*, 540 U.S. 749, 751 (2004); *Halsey,* 2014 WL 1622769.  Because federal habeas petitions may not be granted unless available state court remedies have been exhausted, *see* 28 U.S.C. § 2254(b)(1)(A), "conditioning the right to bring a § 1983 action on a favorable result in state litigation or federal habeas serve[s] the practical objective of preserving limitations on the availability of habeas remedies."  *Close*, 540 U.S. at 751.

This Court finds that Plaintiff's due process fabrication of evidence claim is barred by *Heck* because a favorable judgment on the claim would necessarily imply the invalidity of Plaintiff's conviction, which has not been overturned in the state courts or called into question by issuance of a writ of habeas corpus.  *See Long,* 670 F.3d at 447 (holding that Long's claim that defendants violated his rights by committing perjury and fabricating evidence to obtain his conviction was "barred by *Heck* because he s[ought] § 1983 relief on the ground that the defendants conspired to obtain a . . . conviction against him, but he has not demonstrated that his conviction has already been invalidated.")

Plaintiff's allegations also raise a potential malicious prosecution claim under the Fourth Amendment.  To state a claim for malicious prosecution brought under § 1983, a plaintiff must satisfy each of the following elements:   "(1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in [plaintiff's] favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding."  *Halsey,* 2014 WL 1622769 at *17 (quoting

5

*Johnson v. Knorr,* 477 F.3d 75, 82 (3d Cir. 2007)).   The favorable termination requirement serves "to avoid 'the possibility of the claimant succeeding in the tort action after having been convicted in the underlying criminal prosecution, in contravention of a strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction.'"   *Kossler v. Crisanti*, 564 F.3d 181, 187 (3d Cir. 2009) (en banc) (citation omitted).   The Third Circuit has "held that a prior criminal case must have been disposed of in a way that indicates the innocence of the accused in order to satisfy the favorable termination element."   *Id.*

Without considering the other elements, this Court will dismiss the malicious prosecution claim because Plaintiff's allegations do not show that the criminal proceeding pursued against him by the Defendants terminated in his favor.   Plaintiff asserts that he was found guilty and he served his sentence; he does not allege facts showing that his criminal conviction was reversed on appeal or otherwise disposed of in a way that indicates his innocence.   Accordingly, he has not stated a malicious prosecution claim under § 1983.   *See Morris v. Verniero,* 453 F.App'x 243, 246 (3d Cir. 2011); *Poku v. Himelman,* 448 F.App'x 217 (3d Cir. 2011); *Donahue v. Gavin,* 280 F.3d 371 (3d Cir. 2002).   Because Plaintiff's Complaint does not assert cognizable claims against Defendants Corvasce and Tacher under § 1983, this Court is constrained to dismiss the Complaint for failure to state a claim under § 1983 upon which relief may be granted.

B.   Amendment

A District Court generally grants leave to correct the deficiencies in a complaint by amendment.   *See DelRio-Mocci v. Connolly Properties Inc., 672 F.3d 241, 251 (3d Cir. 2012); Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).   However, in this case, the Court will not grant

Plaintiff leave to amend the Complaint because set forth by Plaintiff suggests that he would be able to state a cognizable § 1983 claim by amending the Complaint.[4]

### III.   CONCLUSION

For the reasons set forth in this Opinion, this Court will grant Plaintiff's application to proceed *in forma pauperis* and dismiss the Complaint.


 s/Freda L. Wolfson
**FREDA L. WOLFSON, U.S.D.J.**


DATED:   May 7, 2014

---

[4] Plaintiff asserts that he was found guilty and he served his sentence.   In the event that Plaintiff's conviction is overturned in the future, or called into question by the issuance of post-conviction relief or a writ of habeas corpus, then he may bring a new action under § 1983 at that time.